Case 1:21-cv-04558-WMR   Document 1-1   Filed 11/04/21   Page 1 of 16

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-07175-S4**
**10/1/2021 12:48 PM**
TIANA P. GARNER, CLERK

**Exhibit A**

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**BLYTHENIA WEATHERSPOON**

_____

PLAINTIFF

CIVIL ACTION NUMBER: **21-C-07175-S4**

VS.

**JOSHUA KENNETH EMPIE**

**433 Boon Street**

**Cadillac, Wexford County, Michigan 49601**

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Daniel J. Saxton, Esq.
SAXTON FIRM, P.C.
1995 North Park Place, SE, Suite 207
Atlanta, GA  30339

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This **1ST** day of **OCTOBER**, 20 **21**.

Tiana P. Garner
Clerk of State Court

By _____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

Copy from re:SearchGA

Case 1:21-cv-04558-WMR   Document 1-1   Filed 11/04/21   Page 2 of 16

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-07175-S4**
**10/1/2021 12:48 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**BLYTHENIA WEATHERSPOON**

_____

_____

CIVIL ACTION NUMBER: **21-C-07175-S4**

PLAINTIFF

VS.

**JOSHUA KENNETH EMPIE**

**433 Boon Street**

**Cadillac, Wexford County, Michigan 49601**

DEFENDANT

# SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Daniel J. Saxton, Esq.
SAXTON FIRM, P.C.
1995 North Park Place, SE, Suite 207
Atlanta, GA  30339

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This **1ST** day of **OCTOBER**, 20**21**.

Tiana P. Garner
Clerk of State Court

By _____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

Copy from re:SearchGA

Case 1:21-cv-04558-WMR   Document 1-1   Filed 11/04/21   Page 3 of 16

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-07175-S4**
**10/1/2021 12:48 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**BLYTHENIA WEATHERSPOON**

CIVIL ACTION NUMBER: **21-C-07175-S4**

PLAINTIFF

VS.

**JOSHUA KENNETH EMPIE**
**433 Boon Street**
**Cadillac, Wexford County, Michigan 49601**

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Daniel J. Saxton, Esq.
SAXTON FIRM, P.C.
1995 North Park Place, SE, Suite 207
Atlanta, GA  30339

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This **1ST** day of **OCTOBER**, 20**21**.

Tiana P. Garner
Clerk of State Court

By _____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

Copy from re:SearchGA

Case 1:21-cv-04558-WMR   Document 1-1   Filed 11/04/21   Page 4 of 16

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-07175-S4**
**10/1/2021 12:48 PM**
**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY
# STATE OF GEORGIA

| | |
|---|---|
| BLYTHENIA WEATHERSPOON, ) | CIVIL ACTION NO.: |
| ) | |
| Plaintiff, ) | **21-C-07175-S4** |
| ) | |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| JOSHUA KENNETH EMPIE; ) | |
| SCHNEIDER NATIONAL, INC.; ) | |
| OLD REPUBLIC INSURANCE COMPANY, and ) | |
| JOHN DOE CORPORATIONS 1-3 ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, BLYTHENIA WEATHERSPOON by and through the undersigned counsel of record, in the above-styled action, files this her COMPLAINT FOR DAMAGES against Defendants, JOSHUA KENNETH EMPIE (hereinafter "Defendant Joshua"), SCHNEIDER NATIONAL, INC. (hereinafter "Defendant Schneider") and OLD REPUBLIC INSURANCE COMPANY (hereinafter "Defendant Old Republic"), and shows this Court the following:

## PARTIES, JURISDICTION AND VENUE

1.

Plaintiff is a resident of Georgia and is, therefore, subject to the jurisdiction of this Court.

2.

Defendant Joshua is the driver of the tractor trailer involved in the subject collision and is a resident of the State of Georgia, whose last known address is 433 Boon Street, Cadillac, Wexford County, Michigan 49601. Defendant may be served at that address.

Page **1** of **13**

Copy from re:SearchGA

3.

Defendant Schneider is a foreign profit corporation authorized to do business in the State of Georgia with its principal place of business located at 3101 S. Packerland Dr., Green Bay, Wisconsin 54313. Defendant Schneider is subject to the jurisdiction of this Court and may be served by issuing Summons and a second original of this Complaint to their registered agent C T Corporation System, at the principal place of business located at 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046.

4.

Defendant Old Republic is a Foreign Insurance Company authorized to do business in the State of Georgia with its principal place of business located at 631 Excel Drive, Suite 200, Mt. Pleasant, Pennsylvania 15666. Defendant Old Republic is subject to the jurisdiction of this Court and may be served by issuing Summons and a second original of this Complaint to their registered agent The Prentice-Hall Corporation System at the principal place of business located at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092.

5.

The true names or capacities of the Defendants named herein as John Doe Corporations 1-3 are unknown to the Plaintiff. Therefore, Plaintiff sues these Defendants by their fictitious names. Plaintiff will amend the Complaint to show the true names of these Defendants when their names have been ascertained.

6.

Defendants Joshua, Schneider, Old Republic and John Doe Corporations 1-3 are joint tortfeasors and as such, venue as to all Defendants is proper in Gwinnett County, Georgia.

7.

Jurisdiction and venue are proper in this Court pursuant to O.C.G.A. § 9-10-91 and O.C.G.A. § 9-10-93.

8.

Removal of this case to federal court is not appropriate. See, e.g., *Hambrick v. Wal-Mart Stores East, (2014) WL 1921341; Poll v. Deli Mmgt. Inc.,* No. 1:07-CV-0959-RWS, 2007 U.S. Dist. LEXIS 62564 (N.D. Ga. Aug. 24, 2007); *Stalvey v. Wal-Mart Stores East,* No. 510-CV-00206, 2010 WL4332439 (M.D. Ga. June 22, 2012); *Ott v. Wal-Mart Stores,* No. 5:09-CV-00215, 2010 U.S. Dist. LEXIS 13072 (M.D. Ga. Feb. 16, 2010); *Stephens v. Wal-Mart Stores East,* No. 5:09-cv-325, 2010 U.S. Dist. LEXIS 35506 (M.D. Ga. Apr. 12, 2012); *Mobley v. Wal-Mart Stores Inc.,* No. 2:09-cv-3019, 2010 U.S. Dist. LEXIS 10783 (D.S.C. Feb 8, 2010); *Mack v. Wal-Mart Stores Inc.*, No. 1:07-cv-3105-RBH, 2007 U.S. Dist. LEXIS 79646 (D.S.C. Oct. 26, 2007). Inappropriate removals to federal court are subject to an award of fees. 28 U.S.C. §1447(c). An award of fees is appropriate when the removing party lacks an objectively reasonable basis for seeking removal. In this situation, an award of fees does not require a showing of bad faith. *Poll,* 2007 U.S. Dist. LEXIS 62564 (N.D. Ga. Aug. 24, 2007).

## **FACTS**

9.

Plaintiff hereby repeats and incorporates Paragraphs 1 through 8 of this Complaint, as if fully restated hereinafter.

Copy from re:SearchGA

10.

On or about November 20, 2019, Plaintiff BLYTHENIA WEATHERSPOON was traveling northbound on Cobb Place Boulevard at or near its intersection with Ernest Barrett Parkway in Cobb County, Georgia.

11.

On or about the same date, Defendant Joshua was traveling northbound on Cobb Place Boulevard at or near its intersection with Ernest Barrett Parkway in Cobb County, Georgia.

12.

Plaintiff BLYTHENIA WEATHERSPOON was traveling northbound on Cobb Place Boulevard at or near its intersection with Ernest Barrett Parkway in Cobb County, Georgia when Defendant Joshua negligently, recklessly, carelessly and unlawfully operated said truck so as to collide with Plaintiff's vehicle.

13.

Defendant Joshua was cited for improper right turn in violation of O.C.G.A. § 40-6-120.

14.

The negligent operation of the tractor trailer Defendant Joshua was driving was the sole and proximate cause of the collision, which is the subject of this action.

15.

As a result of the subject collision, Plaintiff suffered bodily injuries.

16.

As a result of the injuries sustained, Plaintiff had to seek medical treatment.

17.

At all times relevant, Plaintiff exercised due care for her own safety.

Copy from re:SearchGA

## COUNT I – NEGLIGENCE

18.

Plaintiff repeats and incorporates Paragraphs 1 through 17, as if fully restated hereinafter.

19.

Defendant Joshua owed a duty of care to the motoring public in general and to Plaintiff in particular, to operate his vehicle in a reasonable and prudent manner and to adhere to the *Georgia Uniform Rules of the Road*.

20.

Defendant Joshua owed a duty to exercise ordinary care with regard to other drivers on the highway. Specifically, Defendant Joshua was under a duty to keep a proper lookout for potential hazards and maintain a diligent lookout.

21.

Defendant Joshua breached his duty of care by improperly making a right turn.

22.

There was absolutely no negligence on the part of Plaintiff.

## COUNT II- NEGLIGENCE PER SE

23.

Plaintiff hereby re-alleges and incorporates Paragraphs 1 through 22 of this Complaint, as if fully restated hereinafter.

24.

Defendant Joshua was negligent in the following particulars, all of which contributed to the injuries sustained by Plaintiff:

Copy from re:SearchGA

(a)     In failing to make reasonable and proper observations while driving Defendant's vehicle or, if reasonable and proper observations was made, failing to act thereon;

(b)     In improperly making a right turn, in violation of O.C.G.A. § 40-6-120;

(c)     In failing to make timely and proper application of Defendant's brakes, in violation of O.C.G.A. § 40-6-241;

(d)     In failing to observe or undertake the necessary precautions to keep Defendant's vehicle from colliding with the Plaintiff's vehicle, in violation of O.C.G.A § 40-6-390;

(e)     In driving Defendant's vehicle without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity, in violation of O.C.G.A. § 40-6-241;

(f)     In driving Defendant's vehicle in reckless disregard for the safety of persons and/or property, in violation of O.C.G.A. § 40-6-390; and

(g)     In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

25.

Defendant's negligent acts are a violation of *Georgia Uniform Rules of the Road* and therefore constitute negligence as a matter of law or *negligence per se.*

## COUNT III – IMPUTABLE NEGLIGENCE

26.

Plaintiff re-alleges and incorporates Paragraphs 1 through 25 of this Complaint, as if fully restated hereinafter.

Copy from re:SearchGA

27.

At the time of the collision, Defendant Joshua was an employee and agent of Defendant Schneider and Defendant was driving a tractor trailer withing the course and scope of his employment with Defendant Schneider.

28.

Defendant Schneider is liable for the acts and omissions of Defendant Joshua as Defendant Schneider agent and employee at the time of the collision-in-suit, under the theory of *respondeat superior*.

29.

Defendant Schneider owed a legal duty to check driver information of Defendant Joshua, which would have been revealed by a proper driver qualification.

30.

Defendant Schneider was negligent in hiring Defendant Joshua and entrusting him to drive its commercial motor vehicle.

31.

Defendant Schneider owed a duty to exercise ordinary care in the selection of its employees and not retain them after knowledge of any incompetence, pursuant to O.C.G.A. § 34-7-20.

32.

Defendant Schneider knew or should have known of Defendant Joshua's propensity to engage in the conduct which caused Plaintiff' injuries.

33.

Defendant Schneider owed a duty to exercise ordinary care not to hire or retain an employee it knows or should have known poses a risk of harm to others.

Copy from re:SearchGA

34.

It was reasonably foreseeable that Defendant Joshua's tendencies or propensities could cause the type of harm sustained by Plaintiff.

35.

Defendant Schneider knew of should have known Defendant Joshua could cause the type of harm sustained by Plaintiff.

36.

Defendant Schneider owed a legal duty to check a driver's record for any serious violations.

37.

Defendant Schneider was negligent in failing to properly evaluate the driving capabilities of Defendant Joshua before he was hired.

38.

Defendant Schneider was negligent in failing to conduct an extensive review of the driver's record of Defendant Joshua before he was hired.

39.

Defendant Schneider was negligent in failing to properly train and supervise Defendant Joshua.

40.

Defendant Schneider was negligent in failing to enforce company policies, procedures, and rules for the protection of the public, including Plaintiff.

41.

Defendant Schneider was negligent in failing to monitor Defendant Joshua's driving while he was employed.

Copy from re:SearchGA

42.

Defendant Schneider owed a statutory duty to keep its vehicle in good working order, pursuant to O.C.G.A. § 40-8-50(a).

43.

Defendant Schneider was negligent in failing to properly service the vehicle that Defendant Joshua was operating at the time of the collision.

44.

The negligence of Defendant Schneider proximately caused Plaintiff's injuries.

45.

Defendant Schneider is liable for the injuries sustained by Plaintiff.

**COUNT IV- DIRECT ACTION**

46.

Plaintiff hereby re-alleges and incorporates Paragraphs 1 through 45 of this Complaint, as if fully restated hereinafter.

47.

Defendant Old Republic was the insurer of Defendant Schneider at the time of the collision and provided liability insurance that affords coverage on behalf of Defendants, JOSHUA KENNETH EMPIE, and SCHNEIDER NATIONAL, INC.

48.

Defendant Old Republic issued a liability policy to Defendant Schneider, that being Policy Number CTB314557. Said policy was in effect on November 20, 2019.

Copy from re:SearchGA

49.

Defendant Old Republic is subject to a direct action as the insurer for Defendant Schneider, pursuant to O.C.G.A. §§ 40-1-112 and 40-2-140.

50.

Pursuant to the terms and conditions of its policy of insurance and applicable Georgia law, Defendant Old Republic is liable to Plaintiff and responsible for payment of damages incurred by and occasioned upon the Plaintiff as a result of the negligent acts and omissions of Defendant Schneider and/or Defendant Joshua.

## **COUNT IV- PUNITIVE DAMAGES**

51.

Plaintiff hereby re-allege and incorporates Paragraphs 1 through 50 of this Complaint, as if fully restated hereinafter.

52.

The conduct of Defendant Schneider warrants imposition of punitive damages, based on its independent wrongdoing in hiring, retaining, supervision, and training Defendant Joshua.

53.

The actions of Defendant Schneider showed a willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences, pursuant to O.C.G.A. § 51-12-5.1.

54.

Plaintiff is entitled to recover punitive damages without limitation or cap, in an amount to be determined by the enlightened conscience of an impartial jury at trial.

Copy from re:SearchGA

55.

Defendant Schneider has acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense. Thus, Plaintiff are entitled to recover necessary expenses of litigation, including an award of reasonable attorney's fees, pursuant to O.C.G.A. § 13-6-11.

## **COUNT III – DAMAGES**

56.

Plaintiff re-alleges and incorporates Paragraphs 1 through 55 of this Complaint, as if fully restated hereinafter.

57.

As a direct and proximate result of injuries sustained, Plaintiff had to seek medical treatment.

58.

As a direct and proximate result of seeking medical treatment, Plaintiff BLYTHENIA WEATHERSPOON incurred medical expenses in the amount of $81,385.32 for the care of the injuries sustained in the subject collision.

59.

As a direct and proximate result of the persistent injuries sustained, Plaintiff BLYTHENIA WEATHERSPOON may continue to incur medical expenses for an indefinite period of time.

60.

As a direct and proximate result of seeking medical treatment, Plaintiff BLYTHENIA WEATHERSPOON lost wages in an amount to be determined through discovery and this Complaint be amended accordingly.

Copy from re:SearchGA

61.

As a direct and proximate result of seeking medical treatment, Plaintiff BLYTHENIA WEATHERSPOON incurred travel expenses, in the form of mileage reimbursement, in an amount to be determined by the enlightened conscience of an impartial jury at trial.

62.

As a direct and proximate result of the injuries sustained, Plaintiff BLYTHENIA WEATHERSPOON has endured pain and suffering in an amount to be determined by the enlightened conscience of an impartial jury at trial.

63.

As a direct and proximate result of the pain and suffering, Plaintiff BLYTHENIA WEATHERSPOON may have endured mental anguish and emotional distress, to be determined through discovery and this Complaint be amended accordingly.

64.

As a direct and proximate result of the pain and suffering, Plaintiff BLYTHENIA WEATHERSPOON has suffered loss of enjoyment of life, in an amount to be determined by the enlightened conscience of an impartial jury at trial.

65.

Both the collision and the injuries sustained by Plaintiff BLYTHENIA WEATHERSPOON were the direct and proximate result of the negligent acts of Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court enter a judgment in favor of Plaintiff and against Defendants as follows:

Copy from re:SearchGA

(a) Plaintiff BLYTHENIA WEATHERSPOON be awarded special damages for past and present medical expenses, in the amount of $81,385.32;

(b) Plaintiff be awarded special damages for loss of wages, in an amount to be determined through discovery;

(c) Plaintiff be awarded general damages for future medical expenses, travel expenses, physical and mental pain and suffering, and loss of enjoyment of life, to be determined at trial;

(d) Plaintiff be awarded punitive damages, to be determined at trial;

(e) Plaintiff be awarded litigation expenses, including court costs and attorney's fees; and

(f) Plaintiff be awarded such other and further relief as this Court deems just and proper.

This 1st day of October, 2021.

SAXTON FIRM, P.C.
1995 North Park Place, SE, Suite 207
Atlanta, GA  30339
Telephone: (404) 420-5791
Facsimile: (678) 213-1058
Email: djsaxton@saxtonfirm.com
         dgrant@saxtonfirm.com

SAXTON FIRM, P.C.

*Daniel J. Saxton*

Daniel J. Saxton, Esq.
Georgia Bar No.: 628075
Donte B. Grant, Esq.
Georgia Bar No.: 686242
*Attorneys for Plaintiff*

Page **13** of **13**

Copy from re:SearchGA